IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-164-BO

| | | |
|---|---|---|
| LEVON CHERRY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| ANDREW M. SAUL, *Commissioner of Social Security*, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 14, 16]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Edenton, North Carolina on June 14, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED and defendant's motion [DE 16] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed his application on August 2, 2014, alleging disability dating back to December 15, 2012. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ). The ALJ issued a decision on August 1, 2017, finding that plaintiff was not disabled. In August 2018, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In September 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g). [DE 1]. In February 2019, plaintiff moved for judgment on the pleadings. [DE 14]. Defendant moved for judgment on the pleadings in April 2019. [DE 16]. A hearing was held before the undersigned in Edenton, North Carolina on June 14, 2019. [DE 21].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R.

§ 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform his past relevant work activities, he was able to perform other jobs that existed in significant numbers in the national economy. The ALJ concluded that plaintiff had severe impairments that did not meet or equal any Listings and that plaintiff was capable of performing light work with some exertional and non-exertional limitations.

Plaintiff argues, and the Court agrees, that remand is appropriate because the ALJ failed to give adequate weight to plaintiff's Department of Veterans Affairs (VA) rating or, at a minimum, provide sufficient reason for discounting that rating. In September 2015, the VA assigned plaintiff an 80% disabled rating. More specifically, the VA assigned a 50% rating for plaintiff's depressive disorder. The ALJ gave "little weight" to the VA rating, noting that the VA's rating was "of little probative value in [Social Security] proceedings." [Tr. 31]. But in *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." The Fourth Circuit added that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* The ALJ did not do so here. Simply noting that the VA does not conduct a function-by-function assessment or determine whether a claimant is able to perform work that exists in significant numbers in the national economy is insufficient to justify deviation under *Bird*. At a minimum, the ALJ failed to give adequate reasons for discounting the VA rating, and for that reason remand is appropriate.

Additionally, the Court finds that the Appeals Council erred in failing to consider plaintiff's updated VA rating, which was dated September 12, 2017. The September 2017 VA decision increased plaintiff's rating for depressive disorder from 50% to 70% and granted him individual unemployability effective April 1, 2015. [Tr. 14–15]. The Appeals Council declined to consider the updated VA decision because the ALJ's decision was made on August 1, 2017 and the "additional evidence [did] not relate to the period at issue." [Tr. 2]. But the September 2017 VA decision *did* relate to the period at issue, dating back at least to April 1, 2015. Defendant nonetheless argues that the Appeals Council correctly declined to consider the additional evidence

4

because plaintiff had not demonstrated a reasonable probability that the additional evidence would change the outcome of his decision. But this is a dubious position. Critically, the VA's updated rating decision granted plaintiff individual employability, which the VA defines as an inability to secure or maintain substantial gainful employment as a result of service-connected disabilities. *See* 38 C.F.R. § 4.16(a). And "a finding by the VA that someone is unemployable is practically indistinguishable from the SSA's disability determination, which asks whether a medically determinable impairment prevents the claimant from engaging in past relevant work or any substantial gainful work that exists in the national economy." *Bird v. Berryhill*, 847 F.3d 911, 913 (7th Cir. 2017) (citing 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505; *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015)). The Appeals Council erred in summarily concluding that the September 2017 VA decision was not related to the period at issue and did not present the reasonable possibility of a change in the outcome of the ALJ's decision. The Commissioner has not considered the updated VA rating under *Bird*. Remand is appropriate.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for further proceedings is appropriate. The ALJ failed to give substantial weight to plaintiff's VA rating or adequately explain his reasons for affording it diminished weight, as required by *Bird*. The Appeals Council erred in declining to consider plaintiff's September 2017 VA rating decision on review. As a result, the Court is precluded from undertaking a meaningful review, so remand is appropriate. On remand, all relevant evidence must be considered in reassessing plaintiff's impairments and residual functional capacity.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal and remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED and defendant's motion [DE 16] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this *18* day of June, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE